IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FELIX GONZALES, et al.,**

    Plaintiffs,

vs.                                                           Civ. No. 98-520 LCS

**DULCE INDEPENDENT**
**SCHOOL DISTRICT No. 21, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on Defendants' Dulce Independent School District No.21, Loretta Vicenti, Hobson Sandoval and Lester Sandoval's Motion for Summary Judgment on the Grounds of Qualified Immunity, filed on May 3, 1999. The Court, having considered the Motion, the memoranda and evidence submitted by the parties, the oral arguments of counsel and the relevant law, finds that the Motion is not well-taken and it will be denied.

Plaintiffs Felix Gonzales, Juanita Jebbanema, Kathy Pokorney and Tom James were each principals of schools in the Dulce Independent School District. None of them were Native American. Defendants are the District's school board and the Native Americans who serve on the board. On March 16, 1998, the Superintendent, a Native American, submitted annual evaluations which stated that the Plaintiffs' performance as satisfactory in all areas. However, on March 30, 1998, the Defendants voted not to renew the Plaintiff's contracts. Plaintiffs filed suit, contending that Defendants voted not to renew their contracts because, *inter alia*, Plaintiffs were not Native

1

Americans, and they exercised their first-amendment rights of free speech and political association. Defendants contend that they voted not to renew Plaintiffs' contracts because, despite the Superintendent's evaluations, the District's students' performance was decidedly sub-par, and they attributed this problem to Plaintiffs' not performing their duties satisfactorily.

The Defendants contend that they are shielded from the burdens of discovery and trial by qualified immunity. The general test for qualified immunity is to determine whether Plaintiff has asserted the violation of a constitutional right at all, and if so, whether that right was clearly established at the time of the defendant's actions. *Gehl Group v. Koby*, 63 F.3d 1528, 1533 (10th Cir. 1995). However, if the defendant's intent is an essential element of the plaintiff's claim, and if qualified immunity is raised in a motion for summary judgment, the Tenth Circuit has adopted a different test. *Id. at 1535*. First, the defendants must make a *prima-facie* showing of the objective reasonableness of the challenged conduct. If the defendants show objective reasonableness, the plaintiff must produce specific and concrete evidence that the defendants' decision was motivated by an impermissible animus. *Id.* In the present case, the initial inquiry is whether the Defendants' decision not to renew the Plaintiffs' contracts was objectively reasonable. Defendants contend that it was so because of the district's students' sub-par performance. However, in light of the Superintendent's evaluations of the Plaintiffs' performance as satisfactory in all respects a mere two weeks earlier, a fact issue exists whether Defendants' ignoring those recommendations and refusing to renew the Plaintiffs' contracts, without either an explanation why or a chance to address or correct the alleged deficiencies, is objectively reasonable. While Defendants correctly point out that they were under no legal obligation to provide these procedures, lack of legal

compulsion is not the standard for objective reasonableness.[1]  Further, since the statistics Defendants cite in their affidavits to support their contentions of sub-par performance were not published until several months *after* they voted not to renew Plaintiffs' contracts, a fact issue exists as to the credibility of their claim that student performance was the sole reason for their decision. Because genuine issues of material fact exist as to whether Defendants' actions were objectively reasonable, summary judgment on the issue of qualified immunity must be denied. *See Salmon v. Schwartz,* 948 F.2d 1131, 1139 (10th Cir. 1991); *see also Bruning v. Pixler,* 949 F.2d 352, 356-57 (10th Cir. 1991). This opinion is not in any way meant to be an indication of the strength or weakness of the case on the merits.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment on the Grounds of Summary Judgment (docket entry # 74) is DENIED.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

---

[1] For example, that an employer can legally terminate an at-will employee for using mint-flavored toothpaste hardly makes it objectively reasonable for it to do so.