IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FELIX GONZALES, JUANITA JEBBANEMA,**
**KATHY POKORNEY, and TOM JAMES,**

      Plaintiffs,

vs.                                      No. CIV 98-520 LCS

**DULCE INDEPENDENT SCHOOL DISTRICT**
**NO. 21, LORETTA VICENTI, HOBSON**
**SANDOVAL and LESTER SANDOVAL, in**
**their individual and official capacities,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Plaintiffs' Motion for Leave of Court to Submit Motion to Compel *(Doc. 89)*, filed June 23, 1999. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiffs' motion is not well taken and will be denied.

Background

On February 1, 1999, Defendants submitted to Plaintiffs' counsel Answers to Plaintiffs' First Set of Interrogatories and Request for Production of Documents. In that document, Defendants objected to four requests for productions of documents (numbers 2 through 5). Defendants objected on the basis of attorney-client privilege and that the information sought was not reasonably calculated to lead to the discovery of admissible evidence because information

1

contained in insurance files, except for the liability policy itself, is not admissible under Fed. R. Evid. 411 nor is it subject to disclosure.

Plaintiffs' counsel wrote a letter to Defendants on February 5, 1999, requesting that Defendants reconsider their objections and stating that a motion to compel would be filed if Defendants did not withdraw their objections. Defendants did not respond to that letter. Plaintiffs' counsel did not file a motion to compel, and apparently forgot about the issue until early May. Plaintiffs first brought this matter to the Court's attention at a telephonic hearing on May 6, 1999, which was set to address several other issues. At that hearing, the Court instructed counsel to submit a written motion for leave to extend the time to file a motion to compel. The Court also stayed discovery until Defendants' Motion for Summary Judgment based on qualified immunity was decided. That motion was decided on June 12, 1999, and Plaintiffs submitted their motion on June 23. Because the issue was not fully briefed in time for a July 1, 1999 scheduling hearing, Plaintiffs were allowed to submit a reply brief , which was filed July 8, 1999.

Analysis

Local Rule D.N.M. LR-Civ. 26.6 requires that a party must file a motion to compel within twenty days after receiving an objection. That rule further provides:

> Failure to proceed within this time period constitutes acceptance of the objection. For good cause, the Court may *sua sponte* or on motion by a party, change the twenty (20) day period.

The only reason provided by Plaintiffs for the delay was the fact that Plaintiffs' counsel was preparing for a jury trial on another case during the time period when a motion to compel should have been filed. Plaintiffs argue that this constitutes excusable neglect and that excusable

neglect is "good cause." Defendants respond with the contention that "good cause" requires more than excusable neglect, and support this position with cases that interpret "good cause" in the context of the time limit for service of process under Fed. R. Civ. P. 4(j). Plaintiffs also point out that Defendants will not be prejudiced at all by the delay in filing a motion to compel.

I find that it is unnecessary to decide whether "good cause" in the context of D.N.M. LR-Civ. 26.6 requires a higher standard than excusable neglect. I find that Plaintiffs have not shown either excusable neglect or good cause for the delay under the circumstances. Not only did Plaintiffs fail to meet the twenty day deadline during the period when they were preparing for trial, but there was an additional two month period, from March until May, during which no motion was filed. After the May 6 hearing, Plaintiffs did not file their motion to seek leave until one week before the July 1, 1999 scheduling hearing. The motion was not fully briefed in time for that hearing, which further delayed the resolution of this issue. I do not find that there is good cause for this additional delay.

This case is set for trial on September 27, 1999. I note that a motion to compel would not be fully briefed and ripe for a decision until the end of August. The issues presented in the proposed motion to compel would include questions of attorney-client privilege that could require an evidentiary hearing to resolve. Although Defendants have not shown that they will be prejudiced by the delay, the trial date will be jeopardized. I do not find that Plaintiffs have shown "good cause" for the delay that would justify jeopardizing the trial setting.

WHEREFORE, IT IS ORDERED that Plaintiffs' Motion for Leave if Court to Submit Motion to Compel *(Doc. 89)*, filed June 23, 1999, is **denied.**

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE

F:\Brian\98-520Motion to Compel.wpd